**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

LORI J. ALDRIDGE, etc., et al.

    Plaintiffs,

vs.                                                           CASE NO. 2:08-CIV-359-FTM-UA-SPC

PREMIUM CONNECTIONS, INC., etc., et al.,

    Defendants.

_____/

## ORDER GRANTING MOTIONS TO AMEND

       This cause is before the Court upon the referral of dispositive motions (Docket No. 203).  This case was filed as a class action law suit by more than thirty-six (36) plaintiffs against more than thirty-nine (39) defendants.  The plaintiffs have served most of the named defendants.  The complaint also names Does 1-100 as defendants who have not been individually named or served.

       The defendants have filed the following motions: 1) motion to dismiss and for more definite statement, filed June 12, 2008 (Docket No. 71); 2) motion to dismiss and sever misjoined parties, filed June 13, 2008 (Docket No. 77); 3) motion to dismiss and sever misjoined parties, filed June 13, 2008 (Docket No. 78); 4) motion to dismiss and for more definite statement, filed June 23, 2008 (Docket No. 95); 5) motion to dismiss, filed June 27, 2008 (Docket No. 108); 6) motion to dismiss and sever misjoined parties, filed June 30, 2008 (Docket No. 119); 7) motion to dismiss or for more definite statement, filed July 11, 2008

(Docket No. 139);  and motion to dismiss, filed September 30, 2008 (Docket No. 191).

In response to all of the pending motions except Docket No. 191, the plaintiff s have filed a response and cross-motion to amend the complaint (Docket Nos. 151-156).  In those responses and cross-motions, the plaintiffs concede that their complaint should be amended to correct various deficiencies and state that they want to amend to "facilitate a more orderly and streamlined case administration, narrow the issues and promote the goal of voluntary issue resolution, thus lowering the burden that might ultimately be placed upon the Court by this litigation." In the cross-motions to amend, the plaintiffs requested forty-five days to file the amended and or severed complaint(s).  Some of the defendants objected to allowing an amendment unless they were allowed to review the proposed amended complaint prior to allowing the amendment.

The plaintiffs have also filed a motion to extend time to respond to the last filed motion to dismiss (Docket No. 191) and have filed a Notice of  Waiver and Abandonment of Class Action Status and Relief (Docket No. 200).

The Court first notes that there has been no responsive pleadings filed in this case.  A motion to dismiss does not qualify as a responsive pleading for the purposes of Rule 15, Fed.R.Civ.P.  **Chilivis v. SEC**, 673 F.2d 1205 (C.A. GA 1982).  Therefore, under Rule 15, the plaintiffs had the right as a matter of course to amend their complaint.  Even if the plaintiffs could not have amended as a matter of right, the Court has reviewed the motions, cross-motions, all responses, and the recently filed notice abandoning class action and determined that the most efficient way to proceed is to allow the plaintiffs to amend their complaint to correct deficiencies, to drop parties if appropriate, to drop all class allegations, and to generally construct a more effective complaint. The Court does not find the request for forty-

five days to file the amended complaint to be appropriate, but the Court will allow the plaintiffs thirty days to amend. Accordingly, it is

**ORDERED** that the plaintiffs' cross-motions to amend (Docket Nos. 151-156) be **granted**; all motion to dismiss, for more definite statement, and/or to sever misjoined parties (Docket Nos. 71, 77-78, 95, 108, 119, 139, and 191) be **denied as moot**; the plaintiffs' motion for extension of time to respond to motion to dismiss (Docket No. 196) be **denied as moot**. The plaintiffs have thirty (30) days from this date to file their amended complaint in this case.     **DONE and ORDERED** in Chambers, in Tampa, Florida, this 30th day of October, 2008.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record